UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ALEXANDER ARMALIN, | ) |
| | ) |
|       Plaintiff, | ) |
| | )   CAUSE NO. 1:16-CV-412 WL |
|     v. | ) |
| | ) |
| OFFICER MILLER, *et al.*, | ) |
| | ) |
|       Defendants. | ) |

OPINION AND ORDER

Alexander Armalin, a *pro se* prisoner, initially filed a complaint against the Grant County Jail, alleging that he was assaulted by fellow inmates there. The court explained that the complaint did not state a claim because the jail was not a suable entity. However, because it appeared that Armalin may be able to state a claim against a proper defendant, he was granted leave to file an amended complaint in the spirit of *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). Armalin has now filed an amended complaint suing eleven defendants at the Grant County Jail, alleging that they failed to protect him from being attacked by a fellow inmate on October 15, 2015.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under

color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

When an inmate is attacked by another inmate, the Constitution is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Armalin does not mention many of the defendants in this case. He complains that Cpl. Shugart was a classification officer responsible for housing he and his attacker in the same dorm. He also complains that one day before the attack he informed Officer Moore that his attacker was making threats on the dorm and that Armalin did not feel safe. Further, before the attack on October 15, 2015, Armalin informed Officer Francis that his attacker was trying to start altercations in the dorm. Later that day, Armalin was injured while defending himself against the attacker. Though Armalin alleges that officers' actions violated prison policies, his description does not plausibly allege that any of the officers were deliberately indifferent.

"Prisons are dangerous places. Housing the most aggressive among us, they place violent people in close quarters." *McGill v. Duckworth*, 944 F.2d 344, 345 (7th Cir. 1991), *abrogated on other grounds by Haley v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996).

> Some level of brutality . . . is inevitable no matter what the guards do. Worse: because violence is inevitable unless all prisoners are locked in their cells 24 hours a day and sedated (a "solution" posing constitutional problems of its own) it will always be possible to say that the guards "should have known" of the risk. Indeed they should, and do. Applied to a prison, the objective "should have known" formula of tort law approaches absolute liability, rather a long distance from the Supreme Court's standards in *Estelle* and its offspring.

*Id.* at 348. This is why general requests for help and expressions of fear are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008).

> Klebanowski testified during his deposition that he told officers twice on September 8 that he was afraid for his life and he wanted to be transferred off the tier. Those statements, and the officers' knowledge of the first beating, are the only pieces of evidence in the record that can assist Klebanowski in his attempt to show that the officers were aware of any risk to him. We have previously held that statements like those made by Klebanowski are insufficient to alert officers to a specific threat. *Butera*, 285 F.3d at 606 (deeming insufficient to establish deliberate indifference statements by a prisoner that he was "having problems in the block" and "needed to be removed"). In *Butera*, we deemed the inmate's statements insufficient to give notice to the officers because they did not provide the identities of those who threatened the inmate, nor state what the threats were.

*Id.*

> The facts of this case make clear our reason for requiring more than general allegations of fear or the need to be removed. By Klebanowski's own testimony, the officers knew only that he had been involved in an altercation with three other inmates, and that he wanted a transfer because he feared for his life. He did not tell them that he had actually been threatened with future violence, nor that the attack on September 8 was inflicted by gang members because of his non-gang status. Without these additional facts to rely on, there was nothing leading the officers to believe that Klebanowski himself was not speculating regarding the threat he faced out of fear based on the first attack he suffered. This lack of specificity falls below the required notice an officer must have for liability to attach for deliberate indifference.

*Id.* at 639–40 (footnote omitted). Here, Armalin does not allege that he expressed any specific threats directed towards him prior to the attack. Neither does he allege – nor provide a factual basis indicating – that any of the defendants had any idea that there was a specific risk that he might be attacked. Instead, Armalin only alleged that he told some of the defendants that he had a generalized fear of attack. As such, this complaint does not state a claim.

It seems unlikely that Armalin warned the defendants about an impending attack, but failed to mention it in the complaint. It also seems unlikely that Armalin knows (but omitted) facts from which it can be plausibly inferred that any of the defendants had actual knowledge of an impending attack. Nevertheless, because the court cannot say that it would be futile for him to file an amended complaint, he will be granted the opportunity to do so. *See Luevano v.*

*Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). However, merely because he is permitted to file an amended complaint is not a reason for him to do so. Armalin should only file an amended complaint if he believes that he can allege facts from which it can be plausibly inferred that any of the defendants were deliberately indifferent. He should only file an amended complaint if he can explain how the facts of his case meet the high standard for a failure to protect claim as required by *Klebanowski*.

For these reasons, the court:

(1) **DIRECTS** the clerk to place this cause number on a blank Prisoner Complaint form and send it to Alexander Armalin;

(2) **GRANTS** Alexander Armalin until July 10, 2017, to file an amended complaint; and

(3) **CAUTIONS** Alexander Armalin that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED.

ENTERED: June 20, 2017

                                                       s/William C. Lee
                                                    William C. Lee, Judge
                                                    United States District Court