UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| ALEXANDER ARMALIN, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO. 1:16-CV-412-WCL-SLC |
| GRANT COUNTY JAIL, et al., | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Alexander Armalin, a prisoner without a lawyer, filed a complaint against staff at the Grant County Jail. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Armalin alleges that while he was a pretrial detainee at the Grant County Jail, two inmates, who were brothers, attacked him on the evening of October 15, 2015. "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Washington v. LaPorte County Sheriff's Dep't*, 306 F.3d 515, 517 (7th Cir. 2002). "[I]n order to state a section 1983 claim against prison officials for failure to protect, [a plaintiff] must establish: (1) that he was incarcerated under conditions posing a substantial risk of

serious harm and (2) that the defendants acted with deliberate indifference to his health or safety." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). The plaintiff must establish "the defendant had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." *Id*. In failure to protect cases, substantial risks are ones "so great that they are almost certain to materialize if nothing is done." *Brown v. Budz,* 398 F.3d 904, 911 (7th Cir. 2005). In such cases, "a prisoner normally proves actual knowledge of impending harm by showing that he complained to prison officials about a specific threat to his safety." *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). General requests for help and expressions of fear are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008).

Armalin alleges that, during the two days before the attack, he requested a transfer from Officers Pearson, Miller, Moore, Francis, and Loth. He told them the attackers had threatened him while referring to him as a snitch and using racial slurs. He told them they threatened "to knock [his] head off," "jump" him, and "try to fight him." ECF at 4, 6. These allegations state a claim against these five officers for failing to protect him in violation of the Fourteenth Amendment.

Armalin alleges Officer Shugart assigned the attackers to the same dorm despite their "no mix" status – which meant that the two brothers were not to be housed with each other in the same dorm. Armalin also alleges Sheriff Nevels and Officer Lee knew of the attackers' violent history. However, "prisons are dangerous places. Inmates get there by violent acts, and many prisoners have a propensity to commit more." *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). Therefore, a failure-to-protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility." *Brown v. Budz,* 398 F.3d 904, 913 (7th Cir. 2005). Here,

2

Armalin does not allege these three defendants had actual knowledge of a specific threat to his safety and he does not state a claim against them.

Armalin alleges that, due to the attack, he suffered head pain as well as "a bone pushed out the wrong way" in his left hand and wrist accompanied by pain, swelling, numbness, and discoloration. ECF at 8. After securing the dorm, officers called Nurse Law. She told them that Armalin's injury was not severe enough for her to come to the jail that night. "[I]nmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Washington v. LaPorte County Sheriff's Dep't*, 306 F.3d 515, 517 (7th Cir. 2002). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citation omitted).

Armalin alleges that the guards were deliberately indifferent when they secured the dorm before calling Nurse Law. Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Here,

Armalin has not plausibly alleged the guards were deliberately indifferent to his injuries merely because they decided to prevent the possibility of further inmate violence before calling the nurse. Armalin also alleges the guards were deliberately indifferent when they did not seek additional medical help after the nurse decided it was unnecessary for her to examine Armalin that night. However, "[i]f a prisoner is under the care of medical experts a non-medical prison official will generally be justified in believing that the prisoner is in capable hands." *Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005). Given Armalin's description of his condition, he has not plausibly alleged the guards were deliberately indifferent when they accepted the nurse's medical judgment about the severity of his injuries.

According to the complaint, the next day, when Nurse Law examined him at 12:30 p.m., Armalin asked to see a doctor and requested X-rays, pain medication, and a splint. Nurse Law told him she did not see any knots on his head. She said his arm and hand were swollen but "okay." She told him that he would receive pain medication that evening. Sometime thereafter, a nurse from Marion General Hospital came to the jail, told Armalin that his hand looked injured, and took X-rays. However, he does not say what the results were. He alleges he saw a doctor on October 22, 2015, who gave him a cast and recommended stronger pain medication.

Armalin alleges that Nurse Law acted with deliberate indifference by not coming to the jail that night and by not giving him better treatment when she saw him the next day. For a medical professional to be held liable for deliberate indifference to a serious medical need, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). It is fortunate that Armalin was able to see other healthcare professionals who provided him with a different

4

diagnosis and additional treatment. However, a mere disagreement with a medical professional about the appropriate course of treatment does not establish deliberate indifference, nor does negligence or even medical practice. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). Here, given the facts alleged in this amended complaint, Armalin has not plausibly alleged that Nurse Law was deliberately indifferent even though her diagnosis and treatment decisions were different than those made by other medical providers who subsequently saw him.

Finally, Armalin alleges that on October 19, 2015, he asked Officer Lee about seeing a doctor for his injuries. He alleges the officer told him she would look into it but that he did not see a doctor until three days later on October 22, 2015. It is unclear what caused this three-day delay or how Officer Lee was responsible for it. Nor has Armalin explained why a three-day delay was unreasonable. Thus, given the facts alleged in this amended complaint, Armalin has not plausibly alleged that Officer Lee was deliberately indifferent.

For these reasons, the court:

(1) **GRANTS** Alexander Armalin leave to proceed against Officer J. Pearson, Officer Miller, Officer Moore, Officer Francis, and Officer Loth in their individual capacities for compensatory damages on the Fourteenth Amendment claim for failing to protect him against an attack by two inmates at the Grant County Jail on the evening of October 15, 2015;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Reggie Nevels, Cpl. Martin, Cpl. Shugart, C. Lee, J. Johnson, and Tracy Law;

(4) **DIRECTS** the clerk and the United States Marshals Service to issue and serve process on Officer J. Pearson, Officer Miller, Officer Moore, Officer Francis, and Officer Loth at the Grant

County Jail with a copy of this order and the amended complaint (ECF 18) as required by 28 U.S.C. § 1915(d); and

(5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), Officer J. Pearson, Officer Miller, Officer Moore, Officer Francis, and Officer Loth to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

Date: January 30, 2018

s/William C. Lee
Judge
United States District Court